IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02492-PAB-BNB

LETICIA PAOLI,

Plaintiff,

v.

DSS UNITER, LLC, d/b/a Dillard's Department Store,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the following:

(1) **Defendant's Motion to Compel Arbitration and Either Dismiss All Claims or Stay Proceedings Pending Arbitration** [Doc. # 9, filed 10/15/2012] (the "Defendant's Motion"); and

(2) **Plaintiff's Motion to Stay Proceedings and Proceed to Arbitration** [Doc. # 26, filed 12/4/2012] (the "Plaintiff's Motion").

First, I agree with the analysis in Vernon v. Qwest Communications Int'l, Inc., 857 F. Supp. 2d 1135, 1140-41 (D. Colo. 2012), that a motion to compel arbitration is non-dispositive. Consequently, I will proceed by order rather than recommendation to determine the two motions. This is particularly appropriate here, where both parties seek such relief and could have accomplished it by stipulation. Consequently, the Defendant's Motion and the Plaintiff's Motion are GRANTED.

Local rule of practice 41.2, D.C.COLO.LCivR, provides in part that "[a] district judge or

a magistrate judge exercising consent jurisdiction may direct the clerk to close a civil case administratively subject to reopening for good cause." Administrative closure is appropriate where, as here, the parties are proceeding to arbitration which may take a number of months and may finally resolve the matter without further involvement of the court.

IT IS ORDERED:

(1)  The Defendant's Motion [Doc. # 9] is GRANTED;

(2)  The Plaintiff's Motion [Doc. # 26] is GRANTED; and

(3)  This case is STAYED and the parties are DIRECTED TO PROCEED WITH ARBITRATION.

In addition, I respectfully RECOMMEND that the case be closed administratively subject to reopening for good cause, pursuant to D.C.COLO.LCivR 41.2.[1]

Dated January 30, 2013.

                                                  BY THE COURT:

                                                  s/ Boyd N. Boland
                                                  United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).